**CARDEN LIVESAY**
— LTD —
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
(480) 345-9500
(480) 345-6559 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie A. Cummings,<br><br>                    Plaintiff,<br><br>v.<br><br>Louis DeJoy, in his official capacity as Postmaster General,<br><br>                    Defendant. | **ORIGINAL COMPLAINT** |

Plaintiff Laurie A. Cummings, by and through undersigned counsel, seeks relief in this Original Complaint against Defendant Louis DeJoy as follows:

**THE PARTIES**

1. Plaintiff Laurie A. Cummings is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, a disabled "employee" of the U.S. Postal Service for purposes of the Rehabilitation Act, 29 U.S.C. § 791, *et seq*.

2. Defendant Louis DeJoy is the Postmaster General of the U.S. Postal Service, Plaintiff's "employer" for purposes of the Rehabilitation Act.

3. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

4. At all times pertinent to this Complaint, the Postal Service management officials were acting within the course and scope of their employment with the Postal Service; and as a result thereof, Defendant is responsible and liability is imputed for the acts and omissions of Postal Service management officials, as alleged herein, under the principle of *respondeat superior*, agency,



and/or other applicable law.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

6. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

7. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

8. At all times relevant to the issues in this complaint, the Plaintiff was employed as a Full-Time City Letter Carrier for Defendant at the Arcadia Station in Phoenix, AZ.

9. Her supervisor during the discrimination was Tom Surace.

10. Plaintiff began her employment in 1997 and has always worked a full-time shift.

11. In July 2017, she was scheduled for surgery related to a significant medical issue affecting and threatening her ability to use her right arm and hand.

12. She documented her need for time off for the surgery, which was granted.

13. In August 2017, Plaintiff's surgeon cleared her to return to work full-time with "light duty" restrictions (including no driving).

14. Plaintiff brought that note from her doctor to Mr. Surace, who returned her to work on or about August 11, 2017.

15. For three days during that week, Plaintiff was allowed to case her route, answer phones, and handle address management – all work that was available and within her restrictions.

16. However, on or about August 18, 2017, Mr. Surace informed Plaintiff that she could no longer be accommodated.

17. Mr. Surace would allow her to case her own route (a relatively short process taking less than a quarter of a workday) and would then send her home, without permitting her to perform other available work within her restrictions.

18. There was an abundance of available work to do at Arcadia Station within Plaintiff's restrictions.

19. Mr. Surace continued this practice until he left the Arcadia Station on or about



September 28, 2017.

20. Other individuals who had experienced injuries or disabilities, were permitted to perform similar work within their restrictions for a full day, without being sent home.

21. The supervisors were aware that there was plenty of work within Plaintiff's restrictions to be performed at Arcadia Station, but Mr. Surace refused (and required other supervisors to refuse) to allow Plaintiff a reasonable accommodation of performing those other duties.

22. After Mr. Surace departed Arcadia Station, Plaintiff was allowed to work within her restrictions until she was returned to full duty.

23. The loss of those hours in August and September 2017 caused Plaintiff significant emotional pain and suffering, loss of enjoyment of life, lost wages and benefits, and additional financial losses (including having to borrow money from family to pay bills).

**Administrative Remedy Exhaustion**

24. Plaintiff timely filed an EEO Complaint of Discrimination with the Postal Service dated September, 2, 2017 and received on September 18, 2017.

25. After those proceedings concluded, Plaintiff received a final agency decision (Notice of Final action) dated July 14, 2021.

26. Plaintiff timely filed this lawsuit after receiving the final agency decision.

27. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

### FIRST CAUSE OF ACTION – REHABILITATION ACT DISCRIMINATION

28. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

29. As an employee of the Defendant Postal Service, Plaintiff has the right to be free from disability discrimination and retaliation under provisions of Section 504, found at 29 U.S.C. § 794(d), which incorporates the anti-discrimination and anti-retaliation standards from "title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201–12204



1 and 12210), as such sections relate to employment."

2. 30. Plaintiff's symptoms and physical condition, as described above, caused substantial limitation to the performance of major life activities, and/or the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

31. Additionally, the length of time during which Plaintiff experienced symptoms also constitutes a record of impairment.

32. Plaintiff is a "disabled/handicapped" individual.

33. Defendant refused to accommodate Plaintiff's disability and has discriminated against her because of her disability when compared to other disabled and non-disabled employees as described herein, all in violation of Section 504.

34. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained damages, including emotional pain and suffering, loss of enjoyment of life, lost wages and benefits, and additional financial losses (including having to borrow money from family to pay bills).

35. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff hereby demands a trial by jury, pursuant to the U.S. Constitution, Seventh Amendment and Federal Rules of Civil Procedure Rule 38(a, b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendant Postal Service to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and/or retaliatory treatment of her, and make



her whole for all earnings she would have received but for Defendant's discriminatory and/or retaliatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Equitable relief (including an order requiring management training on disability accommodation, and prohibiting future discrimination or retaliation);

E. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

F. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

G. For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 11th day of October, 2021,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*Laurie A. Cummings*